[Civ. No. 6719. First Appellate District, Division One.—March 26, 1929.]

AUGUSTA SPRINGMAN, Appellant, v. FREDERICK SPRINGMAN, Respondent.

Davis & Thorne for Appellant.

Walter T. Casey and John L. Hanlon for Respondent.

THE COURT.—An action for separate maintenance was brought by the plaintiff against her husband, the defendant, upon three counts, namely, failure to provide, habitual intemperance and extreme cruelty. The defendant denied these allegations, and, by a cross-complaint, sought a divorce from the plaintiff upon the grounds of extreme cruelty and wilful desertion, both of which charges the plaintiff denied in her answer thereto, but no facts in recrimination were pleaded.

At the trial the defendant dismissed his charges of cruelty and no evidence in their support was offered. The

court found against the plaintiff, and granted the defendant a divorce upon the ground that his wife had wilfully deserted him.

The plaintiff appealed from the judgment, and contends that the trial court erred by refusing to admit certain testimony offered by her in rebuttal.

██ The plaintiff, in support of her case, testified that the defendant on several occasions locked the door of their dwelling and refused to permit her to enter. This was denied by the defendant. Each party testified that a separation took place on November 20, 1924, on which date the plaintiff left the dwelling-house of the spouses during the absence of the defendant. It was sought to be shown by the excluded testimony that some months before the separation the defendant had locked the dwelling-house and refused to allow the plaintiff to enter. An objection that such testimony was not proper evidence in rebuttal was sustained. While the evidence tended to corroborate the testimony of the plaintiff in her case in chief, and if then offered would have been admissible, it did not tend to rebut any evidentiary facts brought out by the defendant, his testimony consisting of denials of his wife's statements; nor was it admissible by way of recrimination to show cruelty or other marital misconduct on the part of the defendant, no such defense to the cross-complaint having been pleaded (*Avery* v. *Avery*, 148 Cal. 239 [82 Pac. 967] ; *Klemmer* v. *Klemmer*, 42 Cal. App. 618 [187 Pac. 85] ). There was no error in the ruling of the court, and this being the only ground urged for a reversal, the judgment is affirmed.